EMN:DAL
F.#2010R02495

**1 3  M. . C   16**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION     :
OF THE UNITED STATES OF AMERICA     :    <u>SEALED APPLICATION</u>
FOR AN ORDER AUTHORIZING THE        :
USE OF A PEN REGISTER AND A         :
TRAP AND TRACE DEVICE              :
- - - - - - - - - - - - - - - - - - - - x

        Darren A. LaVerne, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for an Order pursuant to 18 U.S.C. §§ 3122 and 3123, authorizing for a period of 60 days the installation and use of a pen register and a trap and trace device on (305) 505-1960 (the "SUBJECT TELEPHONE"), a telephone issued by AT&T (the "service provider").

        In support of this application I state the following:

        1.    I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York.  As such, I am an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and therefore, pursuant to 18 U.S.C. § 3122, may apply for an Order authorizing the installation and use of pen registers and trap and trace devices.

        2.    The Court has authority to order the installation and use of a pen register or a trap and trace device anywhere in the United States if the Court finds that the attorney for the

government has certified to the Court that the information likely to be obtained is relevant to an ongoing criminal investigation. 18 U.S.C. §§ 3122 and 3123.  As the United States Court of Appeals for the Second Circuit has explained, an application for a pen register or trap and trace device

> need only identify the applicant and the investigating law enforcement agency and certify that "the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b)(2).  The provision was not intended to require independent judicial review of relevance; rather, <u>the reviewing court need only verify the completeness of the certification.</u>

<u>In re United States</u>, 10 F.3d 931, 935 (2d Cir. 1993) (emphasis added); <u>accord</u> <u>In re Applications</u>, 515 F. Supp. 2d 325, 329 (E.D.N.Y. 2007) (explaining "minimal requirement" of Section 3122(b)).

  3.  Based on information provided to me by Special Agents with multiple investigative agencies, including the Federal Bureau of Investigation (the "investigative agency"), I hereby certify that the investigative agency is conducting an ongoing criminal investigation into possible violations of federal criminal laws, including money laundering, in violation of 18 U.S.C. § 1956, by DARRYL WARNER, the subscriber of the SUBJECT TELEPHONE, and others, occurring in the Eastern District of New York and elsewhere, and that the information likely to be

obtained from a pen register and trap and trace device on the SUBJECT TELEPHONE is relevant to that investigation.

4.    On September 11, 2012, the Honorable Viktor V. Pohorelsky, United States Magistrate Judge, signed an Order authorizing a pen register and trap and trace device on the SUBJECT TELEPHONE for a period of 60 days.  (12 M 606).   On November 13, 2012, the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, signed an Order authorizing a pen register and trap and trace device on the SUBJECT TELEPHONE for an additional period of 60 days.  (12 M 767). On February 22, 2013, the Honorable Lois K. Bloom, United States Magistrate Judge, signed an Order authorizing a pen register and trap and trace device on the SUBJECT TELEPHONE for an additional period of 60 days.  (13 M 159).

5.    Based upon the above certification, the government requests that the Court issue an Order that provides:

a.    Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for the installation and use of a pen register to record or decode dialing, routing, addressing, or signaling information — excluding the decoding of post-cut-through dialed digits ("PCTDD")[1] — transmitted from the SUBJECT TELEPHONE, to

---

[1]    PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'"  In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008).  Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the

record the date and time of such dialings or transmissions, and to record the length of time the telephone receiver in question is "off the hook" for incoming or outgoing calls for a period of 60 days.

b.    Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for installation and use of a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information reasonably likely to identify the sources of wire or electronic communications and to record the date, time and duration of calls created by such incoming impulses, for a period of 60 days, and that the tracing operations be without geographical limits.

c.    Pursuant to 18 U.S.C. § 3123(b)(1)(C), authorization for the requested installation and use of a pen register and a trap and trace device to include the use of such a pen register and a trap and trace device on any changed telephone number assigned to an instrument bearing the same ESN/IMSI/IMEI

---

investigative agency.  If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through.  Thus no PCTDD will be decoded or accessed by anyone.  See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

4

as the SUBJECT TELEPHONE, or any changed ESN/IMSI/IMEI subsequently assigned to the same telephone number as the SUBJECT TELEPHONE, or any additional changed telephone number and/or ESN/IMSI/IMEI, whether the changes occur consecutively or simultaneously, listed to the same subscriber and account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

        d.    Pursuant to 18 U.S.C. § 3123(b)(1)(C), authorization for the requested installation and use of a pen register and a trap and trace device to include any changed telephone number for the SUBJECT TELEPHONE subsequently listed to the same subscriber and assigned to the same cable, pair and binding post utilized by the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

        6.    The government further requests that the Court direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to notify agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONE, including telephone numbers and subscriber information (published and non-published, and excepting call detail records

as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

7. The government further requests that, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), the Court direct that, upon service of the Order upon them, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order furnish the information, facilities, and technical assistance necessary to accomplish unobtrusively the installation and use of the pen register and trap and trace device with compensation to be paid by the investigative agency for reasonable expenses directly incurred in providing such facilities and assistance.

8. The government further requests that the Order direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

9. Finally, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), the government also requests that the service provider, and any other person or entity whose assistance is used to

6

facilitate execution of the Order be ordered not to disclose to the listed subscriber of the telephone, or to any other person (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might jeopardize this investigation because it would alert targets to the existence of an investigation and might lead to the destruction and/or concealment of evidence and/or the flight of targets.

10. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated:     Brooklyn, New York
           May 21, 2013

Darren A. LaVerne
Assistant United States Attorney
(718) 254-6783

7

F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

13 MISC 416

- - - - - - - - - - - - - - - - - - - x
                                       :
IN THE MATTER OF AN APPLICATION        :     SEALED ORDER
OF THE UNITED STATES OF AMERICA        :     OF AUTHORIZATION
FOR AN ORDER AUTHORIZING THE           :
USE OF A PEN REGISTER AND A            :
TRAP AND TRACE DEVICE                  :
- - - - - - - - - - - - - - - - - - - x

          This matter comes before the Court pursuant to an

application by Assistant United States Attorney Amanda Hector, an

attorney for the Government as defined by Rule 1(b)(1) of the

Federal Rules of Criminal Procedure and a duly-authorized

representative of a "governmental entity" under 18 U.S.C.

§ 2703(c) and (d) requesting an Order pursuant to 18 U.S.C.

§§ 3122 and 3123, authorizing for a period of 60 days the

installation and use of a pen register and a trap and trace

device on (305) 505-1960 (the "SUBJECT TELEPHONE"), a telephone

issued by AT&T (the "service provider").

          UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS

THAT, pursuant to 18 U.S.C. § 3123, Applicant has certified that

the information likely to be obtained by use of a pen register

and a trap and trace device is relevant to an ongoing criminal

investigation being conducted by multiple investigative agencies,

including the Federal Bureau of Investigation (the "investigative

agency"), into possible violations of federal criminal laws,

including money laundering, in violation of 18 U.S.C. § 1956, by

DARRYL WARNER and others, occurring in the Eastern District of

New York and elsewhere, and that the information likely to be obtained from a pen register and trap and trace device on the SUBJECT TELEPHONE is relevant to that investigation.

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a pen register to record or decode dialing, routing, addressing, or signaling information transmitted from the SUBJECT TELEPHONE — excluding the decoding of post-cut-through dialed digits ("PCTDD")[1] — to record the date and time of such dialings or transmissions, and to record the length of time the telephone receiver in question is "off the hook" for incoming or outgoing calls for a period 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or

---

[1]     PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'"  In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008).  Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency.  If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through.  Thus no PCTDD will be decoded or accessed by anyone.  See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

2

cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes in service regarding the SUBJECT TELEPHONE to include telephone numbers and subscriber information (published and non-published and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

IT IS FURTHER ORDERED that this authorization for the installation and use of a pen register and a trap and trace device applies not only to the telephone number listed above for the SUBJECT TELEPHONE, but also to any changed telephone number assigned to an instrument bearing the same ESN/IMSI/IMEI as the SUBJECT TELEPHONE, or any changed ESN/IMSI/IMEI subsequently

3

assigned to the same telephone number as the SUBJECT TELEPHONE,
or any additional changed telephone number and/or ESN/IMSI/IMEI,
whether the changes occur consecutively or simultaneously, listed
to the same subscriber and wireless telephone account number as
the SUBJECT TELEPHONE within the 60-day period authorized by this
Order.

      IT IS FURTHER ORDERED that this authorization for the
installation and use of a pen register and a trap and trace
device applies not only to the telephone number listed above for
the SUBJECT TELEPHONE, but also to any changed telephone number
for the SUBJECT TELEPHONE subsequently listed to the same
subscriber and assigned to the same cable, pair and binding post
utilized by the SUBJECT TELEPHONE within the 60-day period
authorized by this Order.

      IT IS FURTHER ORDERED, pursuant to 18 U.S.C.
§ 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that
upon service of this Order upon it, the service provider and any
other person or entity providing wire or electronic communication
service in the United States whose assistance may facilitate
execution of the Order shall furnish special agents of the
investigative agency forthwith all information, including but not
limited to telephone subscriber information, facilities, and
technical assistance necessary to accomplish the installation and

use of the pen register and trap and trace device unobtrusively and with minimum interference.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

IT IS FURTHER ORDERED that the service provider and any other person or entity whose assistance is used to facilitate this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

Good cause having been shown, IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for

5

the SUBJECT TELEPHONE, the subscribers of the telephones

initiating incoming calls to or receiving outgoing calls from the

SUBJECT TELEPHONE, or to any other person.

Dated:     Brooklyn, New York
           May 21, 2013


                         _____
                         STEVEN M. GOLD
                         CHIEF UNITED STATES MAGISTRATE JUDGE
                         EASTERN DISTRICT OF NEW YORK

6

F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

13 M..C 416

- - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION        :
OF THE UNITED STATES OF AMERICA        :        SEALED ORDER
FOR AN ORDER AUTHORIZING THE           :        TO SERVICE PROVIDER
USE OF A PEN REGISTER AND              :
A TRAP AND TRACE DEVICE                :
- - - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the

United States of America, entered an Order pursuant to 18 U.S.C.

§§ 3121 et seq., authorizing the use of a pen register and a trap

and trace device for a period of 60 days on (305) 505-1960 (the

"SUBJECT TELEPHONE"), a telephone issued by AT&T (the "service

provider"), in connection with an ongoing criminal investigation;

Now therefore, it is hereby:

1.    ORDERED, pursuant to 18 U.S.C. § 3123, that agents

of the Federal Bureau of Investigation (the "investigative

agency") may install, or cause to be installed, and use a pen

register to record or decode dialing, routing, addressing, or

signaling information transmitted from the SUBJECT TELEPHONE to

record the date and time of such dialings or transmissions, and

to record the length of time the telephone receiver in question

is "off the hook" for incoming or outgoing calls for a period of

60 days, beginning at any time within 14 days from the date of

this Order.

2.    IT IS FURTHER ORDERED that, to the extent possible

in light of the service provider's technical capabilities, the

service provider shall forward to the investigative agency only
those digits dialed before a call is cut-through. However, to
the extent that the service provider is unable to exclude post-
cut-through dialed digits, the service provider shall forward all
dialed digits to the investigative agency.

      3.    IT IS FURTHER ORDERED, pursuant to 18 U.S.C.
§ 3123, that agents of the investigative agency may install, or
cause to be installed, and use a trap and trace device on the
SUBJECT TELEPHONE to capture and record the incoming electronic
or other impulses which identify the originating number, or other
dialing, routing, addressing, and signaling information
reasonably likely to identify the source of a wire or electronic
communication, and to record the date, time, and duration of
calls created by such incoming impulses, for a period of 60 days,
beginning at any time within 14 days from the date of this Order,
and that the tracing operations be without geographical limits.

      4.    IT IS FURTHER ORDERED, pursuant to 18 U.S.C.
§ 3123(b)(1)(C), that this authorization for the installation and
use of a pen register and a trap and trace device applies not
only to the telephone number listed above for the SUBJECT
TELEPHONE, but also to any changed telephone number assigned to
an instrument bearing the same ESN/IMSI/IMEI as the SUBJECT
TELEPHONE, or any changed ESN/IMSI/IMEI subsequently assigned to
the same telephone number as the SUBJECT TELEPHONE, or any

2

additional changed telephone number and/or ESN/IMSI/IMEI, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

5.    IT IS FURTHER ORDERED that this authorization for the installation and use of a pen register and trap and trace device applies not only to the telephone number listed above for the SUBJECT TELEPHONE, but also to any changed telephone number for the SUBJECT TELEPHONE subsequently listed to the same subscriber and assigned to the same cable, pair and binding post utilized by the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

6.    IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONE to include telephone numbers and subscriber information (published and non-published, and excepting call detail records, as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

3

7.    IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order shall furnish agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

8.    IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

9.    IT IS FURTHER ORDERED that the service provider and any other person or entity that provides technical assistance in executing this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

4

10.  IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the investigative agency, the service provider and any other person or entity whose assistance is used to execute this Order.

11.  IT IS FURTHER ORDERED, finally, that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction: (a) the existence of the Order of Authorization; (b) the existence of the Order to the Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:    Brooklyn, New York
          May 21, 2013


                    _____
                    STEVEN M. GOLD
                    CHIEF UNITED STATES MAGISTRATE JUDGE
                    EASTERN DISTRICT OF NEW YORK


                              5